UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE JAMES BANKS, | : | CIVIL NO: 1:08-CV-00568 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

The plaintiff, proceeding *pro se*, commenced this action by filing a complaint on March 28, 2008.  On June 24, 2008, the plaintiff filed an amended complaint.

On October 8, 2008, the defendant filed a motion for leave to file a motion to dismiss the amended complaint and for summary judgment *nunc pro tunc* and a brief in support of that motion.  Also, on October 8, 2008, the defendant filed a motion to dismiss the amended complaint and for summary judgment.  On October 20, 2008, before the defendant filed a brief in support of its motion to dismiss or for summary judgment, the plaintiff filed a document entitled "Motion to Dismiss Summary Judgment Request by Defendant and to Request Appointment of Counsel." On October 23, 2008, the defendant filed a brief in support of

its motion to dismiss and for summary judgment, a statement of material facts and documents in support of its motion.

By an Order dated October 24, 2008, the defendant's motion for leave to file its motion to dismiss and for summary judgment *nunc pro tunc* was granted and the motion to dismiss and for summary judgment filed by the defendant was deemed timely filed.  The Order of October 24, 2008 provided that the plaintiff's brief in opposition to the motion to dismiss and for summary judgment shall be filed on or before November 12, 2008.

On November 7, 2008, the defendant filed a response to the document filed by the plaintiff entitled "Motion to Dismiss Summary Judgment Request by Defendant and to Request Appointment of Counsel."  By an Order dated November 7, 2008, the plaintiff's motion for the appointment of counsel was denied.

The plaintiff did not file a brief in opposition to the defendant's motion to dismiss and for summary judgment as required by Local Rule 7.6, Rules of Court, M.D. Pa.  By an Order dated February 26, 2009, the plaintiff was ordered to

2

file a brief in opposition to the defendant's motion to dismiss
and for summary judgment, a response to the defendant's
statement of material facts and any summary judgment evidence
in opposition to the motion on or before March 20, 2009.  The
Order provided that if the plaintiff fails to file a brief in
opposition within this time it may be recommended that this
action be dismissed pursuant to Fed.R.Civ.P. 41(b), by
application of the factors in *Poulis v. State Farm Fire &
Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The plaintiff has not filed a brief in opposition to
the defendant's motion to dismiss and for summary judgment as
ordered.

Federal Rule of Civil Procedure 41(b) allows for the
dismissal of an action where the plaintiff fails to prosecute
or fails to comply with rules or orders of the court.  The
plaintiff has failed to prosecute this action and has failed to
obey the court's Order of February 26, 2009, and Local Rule
7.6, which requires the filing of an opposition brief.  The
case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir.
1991), the court reversed the district court's dismissal for
the *pro se* plaintiff's failure to file a brief in accordance
with a local rule of court.  The court stated that failure to
obey the local rule should not form the basis for dismissal
without an analysis of the merits of the case.  The court noted
that dismissal was not to be ruled out if the party was
represented by an attorney and in fact did not oppose the
motion.  "Nor do we suggest that if a party fails to comply
with the rule after a specific direction to comply from the
court, the rule cannot be invoked.  Thus, our holding is not
broad."  951 F.2d at 30.

In this case, the plaintiff was specifically directed
to file a brief in opposition to the motion to dismiss and for
summary judgment.  The plaintiff did not obey either the rule
or the Order.

The Third Circuit has applied the same general
analysis, using some or all of the six part test enunciated in
*Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d
Cir. 1984), in reviewing all orders which deprive a party of

4

the right to proceed with or defend a claim. *Comdyne I, Inc.*

*v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990).   The *Poulis*

factors the court should consider are:

> (1) the extent of the party's personal
> responsibility; (2) the prejudice to the
> adversary caused by the failure to meet
> scheduling orders and respond to discovery;
> (3) a history of dilatoriness; (4) whether the
> conduct of the party or the attorney was
> willful or in bad faith; (5) the effectiveness
> of sanctions other than dismissal, which
> entails an analysis of alternative sanctions;
> and (6) the meritoriousness of the claim or
> defense.

*Id*.

The plaintiff's dilatoriness outweighs any of the other

considerations set forth in *Poulis*.   The plaintiff's failure to

comply with the Order of February 26, 2009 indicates that the

plaintiff has abandoned this lawsuit.

Based on the foregoing, it is recommended that the

action be dismissed pursuant to Fed.R.Civ.P.41(b), for the

plaintiff's failure to obey Local Rule 7.6 and the Order of February 26, 2009.


                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated:  April 10, 2009.